**In the Interest of T.B. and T.F.**

**M.B. (Mother), Appellant,**

v.

**Juvenile Officer, Respondent.**

No. WD 74830.

Missouri Court of Appeals, Western District.

July 31, 2012.

Sara S. Johnston, Kansas City, MO, for appellant.

Katie A. Rooney, Kansas City, MO for respondent Juvenile Officer.

Katherine J. Rodgers, Kansas City, MO, for Guardian Ad Litem.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, KAREN KING MITCHELL, Judge and CYNTHIA L. MARTIN, Judge.

### ORDER

PER CURIAM:

M.B. appeals from the trial court's judgment terminating her parental rights to her son, T.B., and to her daughter, T.F., after a bench trial. M.B. claims that the trial court: (1) erred in terminating her parental rights pursuant to section 211.447.5(2)(d) because credible evidence established that M.B. was making significant improvements to emotionally caring for T.B. and T.F., and M.B. consistently provided food, clothing, gifts, shoes, toys, and education during her visits; (2) erred in terminating her parental rights pursuant to section 211.447.5(3) for failure to rectify because the evidence demonstrated that M.B. made significant progress towards complying with her treatment plan, M.B. was employed at the time of trial, and M.B. expressed a desire to continue the parent-child relationship; (3) erred in terminating her parental rights pursuant to section 211.447.5(6) for parental unfitness because the evidence demonstrated that M.B. was making progress in therapy, there is a strong likelihood that M.B. could care appropriately for the children's physical, mental, and emotional needs in the foreseeable future, and M.B. was in the process of divorcing her estranged hus-

band, L.B.; and (4) abused its discretion by finding that termination of M.B.'s parental rights was in the children's best interests pursuant to section 211.447.7 because both children had strong emotional ties to M.B.; M.B. maintained consistent and meaningful visits with the children; M.B. consistently provided financial assistance to the children in the form of food, gifts, clothing, shoes, and toys; additional services would likely enable a return of the children to M.B. within an ascertainable period of time; and M.B. demonstrated a strong interest in and commitment to the children by her attentiveness during their visits and her concern over the children's well-being while in foster care. We affirm. Rule 84.16(b).